IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Denise L. Smith | ) | |
| | ) | Case No.: 2:16 CV 00883 |
| Plaintiff, | ) | |
| | ) | Chief Judge Sargus |
| v. | ) | Magistrate Judge Jolson |
| | ) | |
| Jefferson Behavioral Health System, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PARTIES' JOINT AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, the parties hereby stipulate to the entry of the following protective order in order to preserve and maintain the confidentiality of personal, private, confidential, and medical information which may be disclosed by Plaintiff, Denise L. Smith ("Smith") or obtained by Defendants through testimony and/or the production of certain records by and between the parties during the course of discovery in this case. The parties agree that good cause exists for this Agreed Protective Order in order to preserve the confidentiality and privacy interests of medical information of the Plaintiff that should not be released to the public and which the parties may seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Agreed Protective Order.

1. This Agreed Protective Order shall govern the disclosure and use of the parties' Confidential Information produced in connection with this litigation. All information which is or has been produced by the parties or discovered in this litigation regarding either party, if designated Confidential, shall be used solely for the prosecution or defense of this litigation. The measures designated by the parties in this Agreed Protective Order are reasonable and will not

prejudice anyone or unduly burden the court.

2. This Agreed Protective Order is necessary to preserve the legitimate medical and privacy interests of the Plaintiff and establishes a procedure for disclosing Confidential Information to the parties in this litigation, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3. By entering into this Agreed Protective Order the parties do not intend to waive any objections raised in response to discovery, nor does this Agreed Protective Order in any way obligate the parties to produce specific documents or records in the future which a party deems inappropriate for production.

4. This Agreed Protective Order is intended to preserve and maintain personal, private, confidential and medical information, the disclosure of which could cause injury or damage to either party.  This Agreed Protective Order is also intended to preserve personal, private, and confidential information pertaining to Jefferson Behavioral Health System employees (past or present), officers, directors, managers, consultants and agents such as personal financial information, personal medical information, social security numbers, and other sensitive or personal, private information.

5. Any documents produced subject to the terms of this Agreed Protective Order and designated as "Confidential" shall be considered "Confidential".  All documents so designated and produced subject to this Agreed Protective Order shall be designated or stamped "CONFIDENTIAL."

6. Documents designated as "CONFIDENTIAL" will include personal, private, and/or confidential information relating to Plaintiff's medical treatment, diagnosis, or

condition(s), Jefferson Behavioral Health System's employees, officers, directors, managers, consultants or agents. Additional documents may be later identified by either party which shall also be considered "Confidential" and such records shall be given similar protections pursuant to this Agreed Protective Order as specifically designated by the parties.

7. Confidential documents or information shall not be exhibited, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in conjunction with the above-captioned litigation. Except as provided for in this Agreed Protective Order, the parties shall keep all documents or information covered by the terms of this Agreed Protective Order from all persons as provided for by the terms of this agreement.

8. Neither the receiving party nor its representatives shall disclose documents designated as Confidential, other than to the following persons (hereinafter referred to as "Qualified Persons"):

    (a) Either party and the designated counsel of record in this action;

    (b) All attorneys for the parties in this action, including in-house attorneys, and their assistants, associates, paralegals, clerks, stenographic personnel, those individuals specifically acting at the direction of counsel;

    (c) Independent experts and consultants retained by any party whose assistance is necessary for the preparation of trial of this specific action;

    (d) Witnesses for each party provided that such witnesses expressly agree to comply with the teams of this Protective Order and provided that such witnesses shall be allowed to review the CONFIDENTIAL documents or information, but shall not be provided with copies of the CONFIDENTIAL documents or information; and

    (e) The Court (including any agent of the Court), the jury and any court reporter used during depositions.

This Agreed Protective Order permits the parties and their designated representatives to view documents or information designated as CONFIDENTIAL exclusively for purposes of this

litigation; however, the parties and their designated representatives are precluded from sharing and/or disclosing that information to anyone other than their designated counsel of record in this action, Accordingly, the parties and their designated representatives expressly agree to maintain the confidentiality associated with those documents designated as CONFIDENTIAL and agree that they will not disclose or otherwise share such information with anyone other than their designated counsel of record in this action at any time either during the pendency of this action or subsequent to the conclusion of the litigation. To the extent CONFIDENTIAL documents are used as exhibits or attachments to any filing with the Court in the above-captioned litigation, the party so using the CONFIDENTIAL documents will comply with Local Rule 5.2.1 and first obtain leave of Court.

9. Nothing in this Agreed Protective Order precludes or limits a party from viewing its own confidential documents.

10. As used herein, the following definitions shall apply:

"Confidential Information" or "Confidential" means any information or documents (regardless whether in electronic or hard copy format) that:

(A) is personal, private or medical information relating to Plaintiff's medical treatment, diagnosis, or condition(s), whether past or present;

(B) is personal or private or confidential information relating to any Jefferson Behavioral Health System's employees (past or present), officers, directors, managers, consultants or agents such as personal financial information, social security numbers, or personal medical information.

11. Confidential documents or information subject to this protective order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information under paragraph 8.

12. Nothing shall prevent disclosure beyond the terms of this Agreed Protective

Order if the other party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

13. The provisions of the Agreed Protective Order shall survive the conclusion of this action.

14. This Agreed Protective Order shall not prohibit disclosure of Confidential documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time. Any party and any interested member of the public can challenge the secreting of any particular documents.

15. Upon written request by counsel for the respective party, the party having received any documents or information subject to this Agreed Protective Order shall return these items at the close of this litigation.

The parties, by their respective counsel, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

Respectfully submitted,

*/s/ Andrew J. Thompson*
Andrew J. Thompson (0071530)
SHAPERO | ROLOFF CO., LPA
U.S. Bank Centre
1350 Euclid Avenue, Suite 1550
Cleveland, Ohio 44115
T: (216) 781-1700
F: (216) 781-1972
athompson@shaperoroloff.com

Attorney for Plaintiff

                                        */s/ Roy A. Hulme*
                                        Roy A. Hulme (0001090)
                                        REMINGER CO., L.P.A.
                                        101 West Prospect Avenue, Suite 1400
                                        Cleveland, Ohio 44115
                                        T: (216) 687-1311
                                        F: (216) 4302278
                                        rhulme@reminger.com

                                        Attorney for Defendants

IT IS SO ORDERED.


Date:  March 24, 2017                          /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE